iffs' witnesses.   As to any items prior to that date, or beyond
$1200 in amount, the jury should find for the defendant."

A.  " I refuse that proposition." [4]

Verdict and judgment for plaintiffs for $8,654.68.

Defendant appealed.

*Errors assigned* were (1, 2, 9–11) various admissions to evi-
dence but not quoting the offers, objections or the evidence ad-
mitted; (3, 4) answers to defendant's points, quoting points
and answers; (5–8) portions of the charge as above, quoting
them.

*E. Cooper Shapley, William Gorman* with him, for appellant.

*R. C. Murtrie,* contra, was not heard.

PER CURIAM, January 25, 1892.

All of the specifications which allege error in the admission
of evidence, may be dismissed by the remark that they are not
assigned in conformity with the rules of court.   The remain-
ing specifications all refer to the charge of the court.   An ex-
amination of them fails to disclose error.

Judgment affirmed.

[See following case.]

## McCown v. Muldoon, Appellant.

*Contract—Suretyship—Guaranty—Judgment.*

A dispute having arisen between McCown and Quigley as to firm goods
taken by Quigley and not accounted for, a written agreement was en-
tered into by which McCown was to bring a suit against Quigley.  It
was provided:  " Should a judgment be recovered in said action the said
Quigley covenants to pay the same."   On the same day that the agree-
ment between McCown and Quigley was executed, Muldoon executed an
agreement by which he covenanted " that the amount which may be due
to McCown by Quigley under the foregoing agreement will be paid by
him to the extent of $2,500."   McCown recovered judgment against Quig-
ley, who appealed the case to the Supreme Court.   On January 25, 1892,
the judgment was affirmed.   Prior to this date McCown recovered a judg-
ment against Muldoon for $2,500.   Muldoon appealed, claiming that he
was not liable until the judgment against Quigley was disposed of in the
Supreme Court.   On January 26, 1892, Muldoon's appeal was called for
argument.   *Held,* that the judgment against him should be affirmed.

Argued Jan. 26, 1892. Appeal, No. 83, Jan. T., 1892, by John Muldoon, defendant, from order of C. P. No. 3, Phila. Co., June T., 1891, No. 1282, entering judgment for want of a sufficient affidavit of defence in favor of Frank C. McCown and John A. McCown, plaintiffs. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on a contract under seal. From the plaintiff's statement it appeared that a dispute having arisen between plaintiffs and their partner James J. Quigley, as to firm goods taken by Quigley and not accounted for, an agreement in writing and under seal was entered into on October 13, 1890, by which it was agreed that a suit should be brought by the plaintiffs against Quigley to determine the value of the goods taken. The agreement provided as follows: ".Should a judgment be recovered in said action the said James J. Quigley covenants to pay the same subject to a credit however as hereinafter set out. Frank C. McCown and John A. McCown agree to allow the said James J. Quigley (being the agreed value of his interest in the said firm) the sum of Two Thousand Dollars which said sum shall go in reduction of any judgment obtained in the above mentioned suit."

On the same day the defendant executed the following contract:

" I John Muldoon covenant that the amount which may be due to Frank C. McCown and John A. McCown by James J. Quigley under the foregoing agreement will be paid by him to the extent of Twenty-five Hundred Dollars."

On August 1, 1891, the plaintiffs recovered a judgment against Quigley for $8,654,68. Quigley took an appeal. The Supreme Court affirmed the judgment on January 25, 1892. After the judgment in the common pleas was rendered, demand was made on Muldoon for payment of $2,500, and on his refusal to pay it this suit was brought. Muldoon in his affidavit of defence averred that the plaintiffs had no right to bring any action against him pending Quigley's appeal to the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

1892.]           Assignments of Error—Statement of Facts.

*Error assigned* was the order of the court.

*Francis H. Garrett, E. Cooper Shapley* and *William Gorman* with him, for appellant.

*R. C. McMurtrie,* for appellee, was not heard.

PER CURIAM, January 26, 1892, at bar.
Judgment affirmed.

[See preceding case.]


# Gatzmer, Appellant, *v.* St. Vincent School Society.

*Equity—Injunction—Doubtful rights.*

A mandatory injunction will not be issued where complainants' rights are not clear.

*Covenants—Building restrictions—Laches.*

Defendants owned land subject to a covenant that "no manufactory, workshop, steam-engine house, smith shop, . . . . or other building for offensive purposes or occupation, or building of any kind to be used for any purpose other than as and for a genteel cottage or dwelling house, stable or coach house, shall ever be built" on the land. The lessees of defendant, a boat club, built on the land a boat house, club house and a small building used as a carpenter shop for repairing boats. These buildings were completed in September, 1887. Notice to remove the buildings was not given by the complainant until January, 1889. *Held,* that the complainants were not entitled to a mandatory injunction.

Argued Jan. 26, 1892. Appeal, No. 56, Jan. T., 1892, by plaintiffs, William H. Gatzmer et al., from decree of C. P. No. 3, Phila. Co., March T., 1889, No. 415, dismissing bill in equity filed against the German Roman Catholic St. Vincent School Society of Philadelphia, and Jacob S. Disston and Horace C. Disston. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity to compel the removal of certain houses erected on land in alleged violation of a covenant in a deed.

The bill averred that under a certain deed made by Gatzmer and others on the twenty-fifth day of February, 1856, a large tract of land at Tacony, in the Twenty-third Ward of the city of Philadelphia, running along the Delaware river, was conveyed, subject to certain covenants and restrictions against the